**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT E. SPIKER,

        Plaintiff,

                                  Case No. 3:19-cv-1165-J-34JBT

vs.

LANCE E. SPIKER,

        Defendant.

                                     /

## O R D E R

        **THIS CAUSE** is before the Court on Plaintiff's Motion for Temporary Injunction (Doc. 10; Motion), filed on December 2, 2019. Plaintiff initiated this case on October 11, 2019, by filing his Civil Complaint Challenging Validity of Last Will and Testament of Celia Anne Baas (Doc. 1; Complaint). Upon review of the Complaint, Plaintiff's claim appears to be premised on his contention that the copy of his mother's will filed in state probate proceedings following her death is invalid and the product of undue influence. See Complaint at 2, 4; see also In re Celia Anne Baas, Case No. 2019-CP-0590 (Fla. Cir. Ct. filed Sept. 18, 2019). In the Motion, Plaintiff requests that the Court seize "all assets, property, bank accounts, motor vehicles, furniture and any and all properties belonging to" his deceased mother. Id. at 1-2. Plaintiff explains that the ownership of this property is in dispute following his mother's death and he needs a "six month seizure" in order to "properly file all necessary documentation needed for this suit." Id. at 1-2. Upon review, the Motion is due to be denied.

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05,

United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of

a temporary restraining order.[1]  Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral
> notice to the adverse party or its attorney only if:
>
> (A)    specific facts in an affidavit or a verified complaint
>         clearly show that immediate and irreparable injury,
>         loss, or damages will result to the movant before the
>         adverse party can be heard in opposition; and
>
> (B)    the movant's attorney certifies in writing any efforts
>         made to give notice and the reasons why it should not
>         be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a

verified complaint establishing the threat of irreparable injury as well as showing "that such

injury is so imminent that notice and a hearing on the application for preliminary injunction

is impractical if not impossible."  In addition, Local Rule 4.05(b)(3) directs that the motion

should also:

(i)     describe precisely the conduct sought to be enjoined;
(ii)    set forth facts on which the Court can make a reasoned determination
         as to the amount of security which must be posted pursuant to Rule
         65(c), Fed.R.Civ.P.;
(iii)   be accompanied by a proposed form of temporary restraining order
         prepared in strict accordance with the several requirements contained
         in Rule 65(b) and (d), Fed. R. Civ. P.; and

---

[1] As Plaintiff's Motion requests a "temporary injunction," it is unclear whether Plaintiff seeks a temporary restraining order, issued without notice and governed by Local Rule 4.05, or a preliminary injunction, issued with notice and governed by Local Rule 4.06.  Although the Court construes the Motion as a request for a temporary restraining order in the analysis below, to the extent Plaintiff seeks a preliminary injunction, he must still comply with the procedural requirements of Local Rule 4.05(b)(1) through (5). See Local Rule 4.06(b)(1) ("The party applying for the preliminary injunction shall fully comply with the procedural requirements of Rule 4.05(b)(1) through (b)(5) of these rules pertaining to temporary restraining orders.").  Because Plaintiff has failed to comply with those requirements, as detailed below, the Motion is due to be denied regardless of whether he seeks a temporary restraining order or a preliminary injunction.

(iv)    should contain or be accompanied by a supporting legal
        memorandum or brief.

Pursuant to Local Rule 4.05(b)(4), the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Upon review, the Court finds that the Motion fails to comply with nearly all of the applicable Local Rules. Although the Motion and Complaint do appear to be verified, see Motion at 3; Complaint at 7, Plaintiff does not address how he will be irreparably harmed absent the issuance of a temporary restraining order or preliminary injunction. Moreover, to the extent he seeks a temporary restraining order, Plaintiff does not explain why notice and a hearing on the application with all parties present is impractical or impossible. Significantly, the Motion also fails to include a "Memorandum in Support," and Plaintiff does not address his likelihood of success on the merits,[2] the irreparable nature of the threatened injury, the potential harm to Defendant, or the public interest, and he fails to cite

---

[2] As to his likelihood of success, the Court notes that Plaintiff has not established a basis for federal subject matter jurisdiction over this action. In the Complaint, Plaintiff asserts that this court has "jurisdiction to rule over this matter as it concerns a civil matter within its jurisdictional borders." See Complaint at 1. However, this conclusory statements fails to invoke any of the three bases for federal subject matter jurisdiction. See Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997) ("In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."). Moreover, even if otherwise satisfied, it appears that the probate exception may apply to deprive the Court of federal subject matter jurisdiction over this case which challenges the validity of a will. See Michigan Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736, 739 (11th Cir. 1982) ("A challenge to the validity of a will is not within the jurisdiction of the federal courts under the probate exception."); Stuart v. Hatcher, 757 F. App'x 807, 809 (11th Cir. 2018) (explaining that the probate exception, although limited in scope, applies to cases "the resolution of which would require a federal court to (1) probate or annul a will . . . "); see also Grosz v. SunTrust Bank, Case No. 8:12-cv-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013) ("A challenge to the validity of a will either because of lack of testamentary capacity or undue influence—is not subject to federal diversity jurisdiction."). Absent a showing that the Court may properly exercise jurisdiction over this matter, Plaintiff cannot establish a likelihood of success on the merits.

any legal authority in support of his request for injunctive relief.  See Local Rule 4.05(b)(4).

Plaintiff also fails to address the bond requirement or provide a proposed order as required

by Local Rule 4.05(b)(3).  For all of these reasons, the Court finds that Plaintiff's Motion is

due to be denied.  See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x

874, 878 (11th Cir. 2011).  In light of the foregoing, it is

**ORDERED**:

Plaintiff's Motion for Temporary Injunction (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of December, 2019.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

4