UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT E. SPIKER,

      Plaintiff,

v.                                         CASE NO. 3:19-cv-1165-J-34JBT

LANCE E. SPIKER,

      Defendant.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on pro se Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 2). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** and the case be **DISMISSED without prejudice**.

In its prior Order (Doc. 12), the Court took the Motion under advisement and stated that, even liberally construed, Plaintiff's Complaint (Doc. 1) was deficient in several respects. The Court noted that Plaintiff appeared to be "attempting to state a claim based on his contention that the copy of his mother's will filed in state

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

probate proceedings following her death is invalid and the product of undue influence." (Doc. 12 at 3.) The Court then cited to its prior Order, which noted that

> the probate exception may apply to deprive the Court of federal subject matter jurisdiction over this case which challenges the validity of a will. See Michigan Tech Fund v. Century Nat'l Bank of Broward, 680 F.2d 736, 739 (11th Cir. 1982) ("A challenge to the validity of a will is not within the jurisdiction of the federal courts under the probate exception."); Stuart v. Hatcher, 757 F. App'x 807, 809 (11th Cir. 2018)[2] (explaining that the probate exception, although limited in scope, applies to cases "the resolution of which would require a federal court to (1) probate or annul a will . . . "); see also Grosz v. SunTrust Bank, Case No. 8:12-cv-1336-T-23AEP, 2013 WL 12387353, at *4 (M.D. Fla. Aug. 8, 2013) ("A challenge to the validity of a will either because of lack of testamentary capacity or undue influence—is not subject to federal diversity jurisdiction.").

(*Id.* at 3–4; Doc. 11 at 3 n.2.)

Therefore, Plaintiff was ordered to "file an amended complaint in compliance with [the prior] Order" on or before January 3, 2020. (Doc. 12 at 4.) Plaintiff was cautioned that if he "fails to do so, the undersigned will likely recommend that the District Judge deny the Motion and dismiss this action." (*Id.*) To date, Plaintiff

---

[2] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

2

has not filed an amended complaint or taken any other action regarding this case. For this reason, and the reasons stated in the prior Order, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction and for failure to prosecute.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 2**) be **DENIED**.

2. The case be **DISMISSED without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on January 15, 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff

3